**Milford FIELDS, Administrator of the Estate of Timothy David Fields, Deceased, Appellant,**

v.

**PLAYGROUND AND RECREATION BOARD OF the CITY OF BOWLING GREEN, Kentucky, Appellee.**

Court of Appeals of Kentucky.

Sept. 28, 1973.

J. Reid Caudill, Harold D. Ricketts, Bowling Green, for appellant.

William J. Parker, Bowling Green, for appellee.

REED, Justice.

The only issue in this wrongful death action is whether the trial judge properly granted a directed verdict in favor of the defendant at the conclusion of the plaintiff's evidence. The plaintiff's appeal asserts that a jury issue was presented.

Timothy David Fields, a thirteen-year-old boy, was killed while riding a motorcycle in a city park. His father, who had given him the motorcycle, a 200-pound Honda, brought suit against the defendant, Recreation Board. The plaintiff claimed that the defendant negligently created and maintained a dangerous condition in the park that was the cause of his son's death.

The plaintiff's evidence was that Timothy was an unlicensed operator and had been cited by a policeman for riding his motorcycle on a city street. A city juvenile officer advised plaintiff that Timothy could ride his motorcycle in Lampkin Park, a city recreational facility.

Lampkin Park contains an open, developed, mowed area which is used by the public; it also contains an undeveloped rough area, where sinkholes, tall grass, and rock juting out of the ground are present. A row of white posts were erected to separate the developed and used area from the undeveloped area. Between a tree and one of the white posts, the park authorities had left an opening large enough for a vehicle to pass through, but had stretched a cable between the tree and the post. This opening was to allow maintenance machinery in and out of the two areas.

On the occasion of the accident, Timothy and his brother Stephen, and two other boys, Morris Basham and his brother, Gary Basham, brought their motorcycles to the park as darkness began to fall in the early evening of a day in mid-October, 1971. The boys decided to play a game of hide-and-seek while riding the motorcycles. "Home base" was in the open area of the park. During the game, the motorcycles were driven at speeds of 25 to 35 miles per hour. For some unknown reason, Timothy got his motorcycle in the rough undeveloped area, and as he rode out toward the open, used area where "home base" was located, he ran under the cable, which caught him across the chest. Timothy died from a broken neck.

The trial judge held that the evidence recited was insufficient to subject the defendant to liability and that the plaintiff, a parent who would receive any recovery, was negligent in his furnishing of the motorcycle to his thirteen-year-old son and in his failure to supervise the boy so that the inexperienced, unlicensed, youthful driver was permitted if not encouraged to race about the park, including the unused and undeveloped area, in the darkness of night upon a heavy motorcycle. Hence, the trial judge directed the jury to find for the defendant.

We have considered the authorities cited by plaintiff and do not find them to be applicable. In our view, when the undisputed

evidence is considered, it is apparent that the events which occurred and resulted in Timothy's unfortunate and tragic death were so highly extraordinary as to be unforeseeable by the defendant, a municipal recreation board. The defendant's conduct in this instance should not subject it to liability where the conduct of the deceased boy and his father was so highly extraordinary as to prevent the defendant's conduct from being a legal cause of the result that occurred. In such event, the defendant is not subject to liability. See Restatement of Torts, Second, Section 435(2), pp. 452, 453.

The judgment is affirmed.

All concur.